**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

CARLOS PETERSON,

                                  Plaintiff,

    v.

                                                           5:16-CV-876

RAY A. KYLER and                                           (FJS/ATB)
JOSEPH D. CALLERY, Asst.
Attorney Generals,

                                  Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

CARLOS PETERSON
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

    The Clerk has sent to the court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Carlos Peterson. (Dkt. Nos. 1, 2).

**I.**   **IFP Application**

    A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

    In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff has sued two Assistant Attorney Generals ("AAGs") of the State of New

York because they made motion to dismiss claims that plaintiff filed in the New York State Court of Claims. (Complaint ("Compl.") at pp.2-3).[1] Plaintiff states that this conduct constitutes "injustice" and abuse of authority in addition to "negligence" and "intentional tort." (Compl. at 3). Plaintiff includes a copy of the defendants' motion to dismiss as Exhibits. (Pl.'s Exs.) (Dkt. No. 1-1). Plaintiff seeks substantial monetary relief.

III. **Absolute Immunity**

    A. **Legal Standards**

Prosecutors enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).

Prosecutorial immunity has been extended to government attorneys who appear in litigation or court proceedings representing the governmental entity. *Contreras v. Perimenis*, 562 F. App'x 50, 51 (2d Cir. 2014) (affording absolute immunity to AAG who was sued in his capacity as a government advocate prosecuting child welfare

---

[1] The court is citing to the pages of the complaint as assigned by the court's electronic filing system. ("CM/ECF").

3

cases). *See also Griffing v. Doyle*, No. 12-CV-4359, 2014 WL 2945676, at *6 (E.D.N.Y. June 30, 2014) (affording AG absolute immunity for position taken in memoranda and oppositions in the course of litigation) (citing *Contreras*, *supra*; *Wang v. Logue*, 351 F. App'x 510, 510 (2d Cir. 2009) (same); *Rodriguez v. Schneiderman*, No. 13–CV–0574, 2014 WL 2510754, at *8 (N.D.N.Y. June 4, 2014) (finding that AG Schneiderman was entitled to absolute immunity). Thus, even if the Government attorney is defending an action, rather than initiating the case, absolute immunity still applies. *See Wang, supra*. (absolute immunity afforded to AAG for her actions taken during her representation of state defendants in a suit initiated by plaintiff Wang).

**B.    Application**

In this case, plaintiff is suing the defendants because they made a motion to dismiss in each of two cases brought by plaintiff in the New York State Court of Claims. Plaintiff apparently believes that defendants filed these motions improperly and has submitted a copy of the cover page of each defendant's motion. There is no specific return date on the defendants' motion papers, but one motion has the year 2016[2] on it, while the other document has 2011 written on the front page. (Pl.'s Exs.) Plaintiff attached a copy of a section of the New York State Code of Rules and Regulations ("NYCRR") in support of his claim that the defendants committed error or misconduct in filing their state court motions. (Pl.'s Exs. at CM/ECF p.3) (attaching 22 NYCRR § 206.5 (papers filed with the court; numbering claims)). If plaintiff believed

---

[2] Because the year on this motion is 2016, it is unclear whether the motion has been heard or decided by the court. Plaintiff may still have an opportunity to oppose the motion in state court.

that the motions were improper, he should have opposed the motions in state court, citing the rules that he believe supported his argument. He cannot now bring his claims against government counsel in Federal Court, asking for damages. Thus, this court must recommend dismissal of plaintiff's action.

IV. **Opportunity to Amend**

    A. **Legal Standard**

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *See Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238-39 (E.D.N.Y. 2015) (considering whether to grant plaintiff leave to amend after finding that plaintiff failed to state a plausible claim under section 1983) (citing *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000) (leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint.")

    B. **Application**

In this case, the court finds that any attempt by plaintiff to amend his complaint would be futile. The defendants are entitled to absolute immunity for their conduct during their representation of State defendants. Thus, the court recommends dismissing the action with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**

for purposes of filing only, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 20, 2016

Hon. Andrew T. Baxter
U.S. Magistrate Judge